**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-53

UNITED STATES TAX COURT

FRANCIS J. MAGUIRE AND LISA A. MAGUIRE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18214-12S.                    Filed July 3, 2013.

Francis J. Maguire and Lisa A. Maguire, pro sese.

<u>Jonathan E. Behrens</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code.[1]  Pursuant to section 7463(b), the decision to

_____

[1]All statutory references are to the Internal Revenue Code of 1986, as amended and in effect for the tax years at issue.  All references to Rules are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This case was tried in Philadelphia, Pennsylvania, and petitioners resided in New Jersey when they petitioned this Court. They commenced this proceeding to contest deficiencies, additions to tax, and penalties that respondent determined for tax years 2007 and 2008.

After concessions by each party,[2] the issues remaining for decision are: (1) whether petitioners are entitled to deduct expenses reported on Schedule C, Profit or Loss From Business, related to petitioner husband's business; (2) whether petitioners are entitled to claimed medical expense deductions; and (3) whether petitioners are liable for accuracy-related penalties under section 6662 and additions to tax under section 6651(a)(1).

Background

Before trial the parties filed a stipulation of facts and related exhibits with the Court. We incorporate the stipulation of facts and the accompanying exhibits by this reference.

---

[2] Petitioners conceded that they failed to report wages of $3,169 and $1,385 for 2007 and 2008, respectively. Respondent conceded deductible medical and dental expenses of $131 and $88 for 2007 and 2008, respectively, and deductible office expenses of $4 for 2008. Respondent also conceded that petitioners are not liable for a sec. 6651(a)(2) addition to tax for 2007 or 2008.

Francis Maguire was self-employed during the years at issue as an insurance broker.[3]  His business consisted principally of marketing annuities and other estate planning insurance products, chiefly to church groups and police benevolent associations.  During 2007 and 2008, Mr. Maguire resided in Little Egg Harbor, New Jersey, which he referred to as "South Jersey."  He traveled almost daily either to Bayonne or Hackensack, which he referred to collectively as "North Jersey."  While in North Jersey, Mr. Maguire met with clients, worked to develop his business, and tried to build a sales force of independent contractors.  Mr. Maguire maintained no office space in North Jersey; rather, he used the offices or conference rooms of business associates when in the area.  He introduced no evidence that he maintained an office or principal place of business near or at his home in South Jersey.  Petitioners did not claim any deductions attributable to a "home office" on their 2007 or 2008 Federal tax return.

---

[3]Lisa Maguire, Francis' wife, while a named petitioner on account of the filing of a joint return, had no significant involvement in her husband's business activities.

In a notice of deficiency, respondent determined the following deficiencies, penalties, and additions to tax:

| Year | Deficiency | Penalty sec. 6662 | Addition to tax sec. 6651(a)(1) |
|------|-----------|-------------------|--------------------------------|
| 2007 | $ 7,729 | $1,546 | $1,635 |
| 2008 | 3,731 | 746 | 757 |
| Total | 11,460 | 2,292 | 2,392 |

The deficiencies resulted from the complete disallowance of petitioners' claimed deductions for Schedule C car and truck expenses, travel expenses, and meals and entertainment expenses, coupled with the partial disallowance of petitioners' claimed deductions for medical and dental expenses and Schedule C office expenses. The disallowance of the Schedule C expenses generated computational adjustments not directly at issue here.

## Discussion

### A.   Burden of Proof

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend that the burden of proof as to any factual issue should

shift to respondent under section 7491(a) and, if they had advanced this contention, it would lack merit.  As explained below, petitioners have not complied with the substantiation and recordkeeping requirements of section 7491(a)(2)(A) and (B).

B.      Schedule C Expenses

The principal issue is whether petitioners are entitled to deduct certain expenses reported on Schedule C related to Mr. Maguire's business.  Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  A necessary expense is one that is "appropriate and helpful" to the taxpayer's business, while an ordinary expense is one that is common or frequent in the type of business in which the taxpayer is engaged.  Deputy v. du Pont, 308 U.S. 488, 495 (1940); Welch v. Helvering, 290 U.S. at 113.  The taxpayer bears the burden of proving that claimed expenses are ordinary and necessary, Rule 142(a), and also bears the burden of substantiating claimed deductions, sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  In certain circumstances, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible and furnishes some documentation but is unable to substantiate the precise amount.

See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274 imposes more rigorous substantiation requirements for certain

types of expenses.  In particular, section 274(d) disallows deductions for travel

expenses, expenses for business meals and entertainment, and expenses related to

listed property, unless the taxpayer substantiates by adequate records or by

sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of

the expense; (2) the time and place of the travel or entertainment; (3) the business

purpose of the expense; and (4) in the case of meals and entertainment, the

business relationship to the taxpayer of the persons entertained.  See sec. 274(d)

(flush language).  The Court may not apply the Cohan rule to estimate expenses

when the heightened substantiation requirements of section 274(d) apply.  Sanford

v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969);

sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6,

1985).

1.     Car and Truck Expenses

Respondent completely disallowed petitioners' mileage-based deductions

for car and truck expenses of $12,964 for 2007 and $9,125 for 2008.  These

expenses fall into two categories--four trips to Florida and almost daily trips from

petitioners' home to North Jersey for routine business. Mr. Maguire testified in support of the claimed deductions, and petitioners entered into evidence a travel log that he prepared. The travel log consists of 24 month-by-month calendar pages. For each day on which he traveled, Mr. Maguire entered an abbreviation for his destination, e.g., "BAY" for Bayonne or "HACK" for Hackensack. In the margins he entered "beginning mileage" and "ending mileage" for each year and the round trip mileage of a trip to Bayonne (212 miles) and to Hackensack (218 miles). All told, he recorded approximately 350 round trips to Bayonne, approximately 100 round trips to Hackensack, and four round trips to Florida.

The Florida trips require only brief discussion. The sole evidence of the business nature of these trips was Mr. Maguire's testimony that he visited Florida in an effort to recruit his two sisters into his insurance business. Mr. Maguire did not explain how he tried to recruit his sisters; why they were qualified for the work he was allegedly recruiting them to do (one is a retired schoolteacher and one a retired church administrator); which of the four trips to Florida entailed recruiting; or why each trip lasted a full week. We accordingly conclude that petitioners have failed to establish the business nature of these trips.

The bulk of Mr. Maguire's automobile expenses involved travel from his home in South Jersey to his business destinations in North Jersey. Respondent

urges two distinct grounds for disallowing a deduction for these expenses:  that

they were nondeductible commuting expenses and that, if they would otherwise

qualify for deduction under section 162, they fail the substantiation tests of section

274(d).  We agree with respondent on both counts.

Section 262(a) provides that "no deduction shall be allowed for personal,

living, or family expenses."  Many expenses that are helpful to a person's

employment--such as the cost of clothing worn to work and of purchasing meals

during the business day--are inherently personal and hence nondeductible.  See,

e.g., Moss v. Commissioner, 80 T.C. 1073 (1983) (disallowing deduction of

petitioner's share of daily office lunch expenses), aff'd, 758 F.2d 211 (7th Cir.

1985); Hynes v. Commissioner, 74 T.C. 1266 (1980) (disallowing deduction of

business wardrobe and cleaning expenses).  The costs of commuting from home to

work are a prime example of "personal" or "living" expenses:  the nature and

length of the commute depend entirely on the taxpayer's personal choice about

where to live.  See Commissioner v. Flowers, 326 U.S. 465 (1946); Bogue v.

Commissioner, T.C. Memo. 2011-164 (commuting expenses generally constitute

nondeductible personal expenses), aff'd, ___ Fed. Appx. ___, 2013 WL 2382310

(3d Cir. June 3, 2013); sec. 1.162-2(e), Income Tax Regs.  In order for daily travel

expenses to be deductible under section 162, they must be expenses, not of

commuting from home to work, but of traveling from one worksite to another. See, e.g., Wis. Psychiatric Servs., Ltd. v. Commissioner, 76 T.C. 839 (1981) (car expenses qualify as deductible business travel expenses, not commuting expenses, if the taxpayer's residence is his principal place of business).

Mr. Maguire testified that he originally resided in North Jersey and spent time developing business relationships in that part of the State. He moved his residence to South Jersey 12 years ago, but many of his clients, business associates, and prospective customers remained concentrated in North Jersey. He introduced no evidence that he maintained an office or place of business at or near his home in South Jersey. He did not claim deductions attributable to a "home office" for 2007 or 2008, and no evidence was introduced at trial to show that his residence in South Jersey constituted his principal place of business.

To the contrary, the evidence before us indicates that Mr. Maguire's principal place of business was in North Jersey and that he conducted his business from the offices and conference rooms of his business associates there. It appears from his testimony and the travel log he submitted that Mr. Maguire traveled to North Jersey four to six times a week for a total of approximately 450 round trips during 2007 and 2008. Considering that the round trip drive to each of the two cities he frequented exceeded 200 miles and would take approximately 3.5 hours

without traffic, it is hard to see how Mr. Maguire could have maintained a principal place of business at his home during these years. For these reasons, we conclude that his travel expenses from his home to North Jersey were not deductible business expenses but rather were personal commuting expenses that are nondeductible under section 262(a).

Even if we were to conclude that Mr. Maguire's automobile expenses were business expenses, they would be nondeductible because he has not met the rigorous substantiation requirements of section 274. The travel log he proffered does not constitute an adequate record because it does not contain "sufficient information as to each element of every business * * * use." Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., supra. The log simply indicates that Mr. Maguire visited certain cities in North Jersey on certain days; no detail is provided concerning the business purpose of any individual trip. His log does not negate the possibility that some trips may have focused on visiting family or friends in North Jersey, where he previously lived.

In addition, we question whether Mr. Maguire maintained the travel log at or near the time of the expenditure, as required to generate an adequate record. See sec.1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., supra. The log entries (the abbreviations "BAY and "HACK") bear a striking resemblance to one

another.  Many appear to have been written using the same pen and are recorded at the same angle and in the same size and manner.  While an individual can no doubt exercise consistent penmanship, the Court has reason to question Mr. Maguire's testimony that all of these log entries were recorded contemporaneously with his travels.

Other documents produced at trial reinforce the Court's credibility concerns. On one of the days that Mr. Maguire was supposed to have traveled to Bayonne (Saturday, June 28, 2008), a document he provided respondent as evidence of a deductible business expense shows a purchase at the U.S. Post Office in Little Egg Harbor, New Jersey, at 12:05 p.m.  Considering that he faced a 3.5-hour round trip commute to Bayonne, one may reasonably question whether Mr. Maguire did in fact make this trip when he was engaged in a commercial transaction near his home at noon on a Saturday.  Mr. Maguire also provided at least four documents to the IRS during the examination process that he admitted at trial were fraudulently prepared by his tax return preparer.

In the absence of adequate records, the substantiation requirements of section 274(d) can be met by other sufficient evidence corroborating the taxpayer's own statement.  See sec. 1.274-5T(c)(3), Temporary Income Tax Regs., supra.  But petitioners failed to provide such other evidence or testimony that was

both relevant and credible. Mr. Maguire admitted at trial that he could not orally reconstruct the business conducted or the people he met with on each of the days in question over the course of two years. When this lack of evidence is coupled with the questionable nature of his travel log, we have no alternative but to conclude that petitioners have not substantiated their automobile expenses with the rigor that section 274(d) requires.

2.    Other Travel Expenses

Petitioners claimed Schedule C deductions for travel, apparently attributable to airplane travel, of $4,600 for 2007 and $1,900 for 2008. These expenses, which respondent completely disallowed, are likewise subject to the heightened substantiation requirements of section 274(d).

When asked about these travel expenses at trial, Mr. Maguire mentioned a trip to Florida. But that trip appears to have been an automobile trip, the expenses for which we have discussed previously. He also mentioned that he might have taken a trip to Green Bay, Wisconsin, but the only airplane travel for which he provided documentation was a trip to Indianapolis in May 2007, which he did not mention in his testimony. Had Mr. Maguire offered detailed testimony about the business nature of the Indianapolis trip, the receipts he provided may have been sufficient corroborating evidence to substantiate the deduction under section

274(d). As it is, we are forced to conclude that he failed to substantiate his travel expenses and that respondent properly disallowed deductions for them in their entirety.

3. Meals and Entertainment

Petitioners claimed Schedule C deductions of $2,140 and $1,778 for meals and entertainment for 2007 and 2008 respectively. These expenses, which respondent completely disallowed, are likewise subject to the heightened substantiation requirements of section 274(d).

The evidence submitted to substantiate the meal expenses is incomplete and inconsistent. Petitioner offered a 2007 meal log that he testified was maintained contemporaneously with the events. Many of the accompanying receipts are unreadable, while others paint an inconsistent picture. When asked about a receipt for a meal expense incurred on January 6, 2007, with a St. John's Church minister, Mr. Maguire testified: "That would have been St. John's Byzantine Church in Bayonne." Although Bayonne was one of the two cities that Mr. Maguire often visited, his own travel log does not place him in Bayonne that Saturday, and the meal receipt places him in Little Egg Harbor, his hometown. When asked whether another purported expense from the same day was related to the meeting with St.

John's Church, he testified: "No. I'm just up in North Jersey, tried to maximize my time."

Regarding the claimed entertainment expenses, petitioners submitted three receipts--two for "Tutankhamun & Golden Age of Pharaohs," and one for "Thomas & Friends Live!" Each ticket has "Broker drawing contest" written on the back in Mr. Maguire's handwriting, but no other evidence or testimony was offered to support the business nature of this entertainment. We note that both shows were in the Philadelphia area, the closest large metropolitan area to petitioners' home. Presumably, events in the New York City area would have been a greater draw for business associates based in Bayonne and Hackensack than admission to a museum exhibit at 11 a.m. on a Thursday or the opportunity to see Thomas the Tank Engine in a city more than 80 miles away.

Because of inconsistencies in the documents presented, as well as the dearth of documentation overall, we find that petitioners failed to carry their burden of proof. They have not shown that they are entitled to deduct any meals and entertainment expenses under section 162, and they have not adequately substantiated those expenses as required by section 274(d).

4.      Office Expenses

Petitioners reported on Schedule C office expenses of $8,229 and $7,248 for 2007 and 2008 respectively. Respondent has allowed deductions for $162 of the 2007 expenses and $609 of the 2008 expenses.

While office expenses are not subject to the heightened substantiation requirements of section 274(d), petitioners still bear the burden of proving that the claimed deficiency is in error. Petitioners put forth no evidence at trial to substantiate the additional claimed office expenses. When asked about the additional office expenses at trial, Mr. Maguire provided no testimony to support the claimed deductions and simply reiterated that the car and truck expenses were the most important issue to him. Because petitioners failed to meet their burden, respondent's disallowance of a deduction for the remaining office expenses was proper.

C.      Medical Expenses

Petitioners claimed Schedule A deductions for medical and dental expenses of $15,600 for 2007 and $8,468 for 2008. Respondent allowed $4,015 of the 2007 expenses and $6,440 of the 2008 expenses (before application of the statutory floor imposed by section 213(a)).

Section 213(a) permits a taxpayer to deduct expenses for medical care, not compensated for by insurance or otherwise, to the extent that such expenses exceed 7.5% of the taxpayer's adjusted gross income. A taxpayer claiming a deduction under section 213 must "furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." Sec. 1.213-1(h), Income Tax Regs.

Petitioners offered no testimony at trial and few receipts by way of stipulated documents to substantiate their disallowed medical expenses. However, upon review of the submitted documentation, we determine that petitioners substantiated $255 of additional medical expenses for 2007 and $14 of additional medical expenses for 2008. To the extent these expenses exceed the applicable statutory floor, a deduction should be allowed.

D.    Penalties and Additions to Tax

1.    Section 6662 Penalty

Section 6662 imposes a 20% accuracy-related penalty upon the portion of any underpayment of tax that is attributable to (among other things) "[n]egligence or disregard of rules or regulations." Sec. 6662(b)(1). "Negligence" is defined as "any failure to make a reasonable attempt to comply with the provisions of [the Code]." Sec. 6662(c). The Commissioner bears the burden of production with

respect to a section 6662 penalty. Sec. 7491(c). Once the Commissioner satisfies his burden, the burden shifts to the taxpayer to prove that the penalty does not apply. Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

The section 6662 accuracy-related penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]." Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is a taxpayer's effort to assess correctly his or her tax liability. Ibid.

Respondent met his burden of production by showing that petitioners did not maintain appropriate records to substantiate their claimed deductions, thus shifting the burden of proof to petitioners. Petitioners, in turn, offered little evidence to show that they tried to assess their tax liability correctly. Mr. Maguire testified that he thought keeping the travel log would be enough to substantiate the car and truck expenses, but he offered no explanation of where he received that information or why it was reasonable to rely on it. Petitioners provided no

evidence of reasonable cause or good faith with respect to any of the other disallowed deductions.

Mr. Maguire did testify that petitioners used a tax return preparer, but that testimony does not establish a defense of reliance on professional advice. This defense is available only where the taxpayer relies on the advice of a competent tax professional. Sec. 1.6664-4(c)(1), Income Tax Regs. Petitioners did not establish that they ever received advice from their tax return preparer, that they relied on the advice, or that the preparer was a competent tax professional. At trial Mr. Maguire seemed to admit that his return preparer had created and submitted fraudulent documents to the IRS, which inspires little confidence in that person's competence.

For the foregoing reasons, we find that petitioners were negligent and failed to show that any portion of their 2007 or 2008 underpayments met the "reasonable cause" exception. The accuracy-related penalties were properly imposed under Section 6662(b)(1) for both 2007 and 2008.[4]

---

[4]Petitioners would also be liable for a substantial understatement penalty pursuant to 6662(b)(2) for 2007. Having found petitioners liable for an accuracy-related penalty under section 6662(b)(1) for both years, we need not consider the "substantial understatement" issue. See sec. 1.6662-2(c), Income Tax Regs. (only one accuracy-related penalty may be imposed for any tax year).

2.      Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) provides for an addition to the tax in case of a taxpayer's failure timely to file a return, unless the taxpayer proves that such failure is due to reasonable cause and not due to willful neglect.  The evidence is uncontroverted that petitioners filed their tax 2007 and 2008 tax returns on September 21, 2009, well past the statutory deadline for each year.  Petitioners put on no evidence to show reasonable cause for their late filings.  Reliance on a return preparer--even if petitioners had established it, which they did not do--is not available as a defense to the addition to tax for late filing of a tax return.  See United States v. Boyle, 469 U.S. 241 (1985).

Decision will be entered

under Rule 155.